UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


STACEY HAROLD EASTERLING AND
SHELLEY EASTERLING, HIS SPOUSE                              PLAINTIFFS

VERSUS                                      CIVIL ACTION NO. 2:05cv35KS-JMR


SMITHKLINE BEECHAM CORPORATION d/b/a
GLAXOSMITHKLINE, GLAXO WELLCOME, INC.,
GLAXO WELLCOME, PLC, GLAXOSMITHKLINE, PLC,
AND GLAXOSMITHKLINE, INC.                                   DEFENDANTS


**ORDER DENYING REMAND**

This matter is before the court on the plaintiffs' Motion to Remand **[#9]** filed on July 1, 2005. The court, having reviewed the motion, the response, the briefs of counsel and the pleadings and exhibits on file finds that the motion should be denied. The court specifically finds as follows:


**FACTUAL BACKGROUND**

The plaintiffs filed their Complaint in the Circuit Court of the Second Judicial District of Jones County, Mississippi on November 24, 2004. The defendants, Smithkline Beecham Corporation, formerly known as Glaxo Wellcome, Inc., d/b/a Glaxosmithkline (hereinafter "GSK"), removed the case to this court on February 1, 2005, asserting jurisdiction under 28 U.S.C. §§ 1332, 1441 and 1446, diversity of citizenship of the parties and that the amount in controversy exceeds $75,000.00. The defendants subsequently filed an answer to the plaintiffs' Complaint on February 3,

2005, and the court entered a Case Management Order on June 7, 2005.

The Complaint filed by the plaintiffs did not seek a specific amount of damages, but alleged only that the plaintiffs were seeking damages which exceeded the jurisdictional minimum limits of the Circuit Court of the Second Judicial District of Jones County, Mississippi, which is $50,000.00. The Complaint seeks to recover both compensatory damages and punitive damages.

The plaintiffs filed the present Motion to Remand on July 1, 2005, five months after it was removed.[1] In support of the motion and in an effort to clarify their position on the amount of damages they are seeking, the plaintiffs have executed an affidavit which states, among other things, that the total value of their claims does not exceed $74,999.99, and they are not seeking any damages above that sum and are bound by such statement.

The plaintiffs do not deny that there is complete diversity, only that their claims are worth less than the $75,000 jurisdictional threshold of 28 U.S.C. § 1332. The defendants, opposing the remand motion, assert that the plaintiffs are doing nothing more than attempting to manipulate the court's jurisdiction by filing the allegedly meaningless post-removal affidavit. Further, the defendants contend that the plaintiffs have sued for compensatory and punitive damages alleging that plaintiff Stacy Easterling has suffered serious physical injuries, mental anguish, loss of wages, and loss of wage earning capacity, past and future, and that plaintiff Shelley Easterling has asserted a loss of consortium claim which when taken together on their face, exceed

---

[1] The thirty-day time limit imposed by 28 U.S.C. § 1447(c) does not apply to motions to remand based on a lack of subject matter jurisdiction.

the jurisdictional threshold of this court.

The defendants argue that even if the court does not conclude that it is facially apparent from the Complaint that the claims of the plaintiffs exceed the jurisdictional threshold of this court, that other suits around the state of Mississippi have been filed based on similar pharmaceutical claims alleging compensatory damages from fifty million to two-hundred million dollars and punitive damages of one-hundred million to one billion dollars and that state juries have become notorious for awarding astronomical verdicts in these types of cases. The defendants contend that such a history of this litigation strongly supports their removal petition claim that the amount in controversy easily exceeds the jurisdictional threshold of $75,000.

"Unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)(*quoting St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938)). In the instant case, however, the plaintiffs only alleged that their claims were within the minimal jurisdictional limits of the state circuit court without specifying an amount. Their post-removal affidavit, they argue, is only meant to clarify their contention that their claims are worth less than $75,000.

As the Fifth Circuit has stated, "post-removal affidavits may be considered in determining the amount in controversy at the time of removal, . . . [but] only if the basis for jurisdiction is ambiguous at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)(*citing Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir.1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994),

*abrogated on other grounds, Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir.1998)).  However, "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal  affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Id.* (*citing St. Paul Mercury Indem.*, 303 U.S. at 292, 58 S.Ct. 586; and *ANPAC*, 988 F.2d at 565).

Where there is no claim for damages in the complaint, the removing defendant must establish federal jurisdiction by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Gebbia*, 233 F.3d at 883 (citations omitted).  This may be accomplished "either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount." *Id.*

This is a products liability action which alleges injuries from Stacey Harold Easterling's use of Lotronex, a prescription medication for the treatment of irritable bowel syndrome manufactured and marketed by the defendants.  According to the allegations of the Complaint, the plaintiffs have "sustained and will continue to sustain serious and permanent injuries including, but not limited to, severe gastrointestinal-related injuries, and other physical injuries, disability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care, and treatment and medical monitoring, also of earnings loss and loss of ability to earn money in the future, as well as pain and suffering."  The plaintiffs have sued for compensatory and punitive damages.

The court finds that from the face of the complaint, it is apparent that the amount

in controversy as set forth in plaintiffs' allegations of damages exceeds the jurisdictional threshold of this court. This finding is buttressed by the panoply of similar pharmaceutical cases cited in the defendants' brief and from the experiences of this court in dealing with these types of cases.

IT IS THEREFORE ORDERED AND ADJUDGED that the plaintiffs' Motion to Remand **[#9]** is Denied.

IT IS FURTHER ORDERED AND ADJUDGED that the parties shall contact the Magistrate Judge within ten days of the entry of this order for the entry of a new Case Management Order.

SO ORDERED AND ADJUDGED this the 2nd day of June, 2006.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE